# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HOLMES, JR., | Case No. 1:15-cv-1481---SAB |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY THE FILING FEE AND STRIKING PLAINTIFF'S COMPLAINT FROM THE RECORD FOR LACK OF SIGNATURE |
| v. | |
| V. BOSSIE, | |
| Defendant. | (ECF No. 1) |
| | THIRTY DAY DEADLINE |

Plaintiff is proceeding pro se in this action pursuant to 42 U.S.C. § 1983. On September 30, 2015, Plaintiff filed a complaint in this action. However, Plaintiff did not sign the complaint, file an application to proceed in forma pauperis, or pay the filing fee.

The complaint which Plaintiff filed in this action does not contain any factual allegations and lacks a signature. Unsigned documents cannot be considered by the Court, and Plaintiff's complaint shall be stricken from the record on that ground. Fed. R. Civ. P. 11(a); Local Rule 131(b).

Plaintiff is advised that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief

may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Additionally, Plaintiff did not file an application to proceed in forma pauperis or pay the filing fee in this action. Plaintiff is required to either pay the filing fee or file an application demonstrating that he is entitled to proceed in this action without prepayment of the filing fee.

Accordingly, IT IS HEREBY ORDERED that:

1. The Office of the Clerk is directed to provide Plaintiff with an application to proceed in forma pauperis by a prisoner and a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall:
   a. File the attached application to proceed in forma pauperis, completed and signed, or in the alternative, pay the $400.00 filing fee for this action; and
   b. File a signed complaint containing his factual allegations against the defendants in this action;

3. No extension of time will be granted without a showing of good cause; and

///

///

///

4. The failure to comply with this order will result in dismissal of this action, without prejudice.

IT IS SO ORDERED.

Dated: **October 13, 2015**

UNITED STATES MAGISTRATE JUDGE