1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HOLMES, JR.,<br><br>Plaintiff,<br><br>v.<br><br>V. BOSSIE,<br><br>Defendant. | Case No.  1:15-cv-1481-KJM-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING THIS ACTION FOR FAILURE TO PROSECUTE<br><br>(ECF No. 4)<br><br>THIRTY DAY DEADLINE |

## I.

### PROCEDURAL BACKGROUND

On September 30, 2015, Plaintiff Clarence Holmes, Jr., proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff did not pay the filing fee or file an application to proceed in forma pauperis.  On October 14, 2015, an order issued striking the complaint from the record for lack of signature.  The order required Plaintiff to file a signed complaint and either pay the filing fee or file an application to proceed in forma pauperis within thirty days.  On November 2, 2015, Plaintiff filed a motion to proceed in forma pauperis which was granted.  More than thirty days have passed and Plaintiff has not filed a signed complaint in compliance with the October 26, 2015 order.

## II.

### DISCUSSION

A court may dismiss an action based on a party's failure to prosecute, failure to obey a

1

court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  Id. (citation omitted).

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  Id.  Plaintiff was ordered to file a signed complaint that complied with the Federal Rules of Civil Procedure within thirty days of October 26, 2015.  Plaintiff has neither filed a signed complaint nor requested an extension of time to comply with the order.  Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  While this risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay, In re Eisen, 31 F.3d at 1453, Plaintiff has not responded to the order requiring him to file a signed complaint.  The risk of prejudice to the defendants also weighs in favor of

1   dismissal.

2          The public policy in favor of deciding cases on their merits is greatly outweighed by the

3   factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This

4   action can proceed no further without Plaintiff's cooperation and compliance with the order at

5   issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  In this

6   instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

7          Finally, a court's warning to a party that their failure to obey the court's order will result

8   in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;

9   Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The October 26, 2015 order requiring

10  Plaintiff to file a signed complaint expressly stated: "The failure to comply with this order will

11  result in dismissal of this action, without prejudice."  (ECF No. 4 at 2.)  Thus, Plaintiff had

12  adequate warning that dismissal would result from his noncompliance with the Court's order.

13         Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, without

14  prejudice, for Plaintiff's failure to prosecute.

15         These findings and recommendations are submitted to the district judge assigned to this

16  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30)

17  days of service of this recommendation, any party may file written objections to these findings

18  and recommendations with the Court and serve a copy on all parties.  Such a document should be

19  captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge

20  will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §

21  636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

22  result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014)

23  (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

24

25  IT IS SO ORDERED.

26  Dated:   **December 1, 2015**

27                                              UNITED STATES MAGISTRATE JUDGE

28

                                                    3